IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 05-111-KAJ |
| KATSIARYNA KABIARETS | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION TO SUPPRESS
STATEMENTS AND PHYSICAL EVIDENCE**

Defendant, Katsiaryna Kabiarets, by and through her undersigned counsel, Penny Marshall, hereby moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fourth and Fourteenth Amendments of the United States Constitution, for an order suppressing for use by the government, any and all evidence obtained as a result law enforcement interrogations and searches on or about November 16, 2005.

As grounds for this motion, the defense submits as follows:

1.  Ms. Kabiarets has been charged with Credit Card Fraud Conspiracy, in violation of 18 U.S.C. § 1029(b)(2); Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A; and Identity Theft, in violation of 18 U.S.C. § 1028(a)(7).

2.  It is alleged that Ms. Kabiarets obtained credit cards numbers from her work establishment and then transferred them to another person. It is also alleged that Ms. Kabiarets made statements in regards to this activity and that physical evidence was obtained as a result of her encounters with law enforcement officers personnel.

3. Upon information that Ms. Kabiarets is from Belarus, two armed Secret Service agents appeared unexpectedly at her place of employment to question her with respect to their conclusion that she had committed a crime. She was taken to a secluded area, separated from everyone and interrogated. Ms. Kabiarets has had no criminal contact with police either in the United States nor in Belarus. She had no prior familiarity with the Miranda decision or its implications. At the time of her interrogation Ms. Kabiarets believed that she had to talk to police.

4. Ms. Kabiarets asserts that any statements and consents given to law enforcement agents on or about November 16, 2005 should be excluded as violating the Fourth and Fifth Amendment.

5. More specifically, the defense asserts that any statements obtained from Ms. Kabiarets by law enforcement officials were secured in violation of her rights under Miranda v. Arizona, 384 U.S. 436 (1966), and that said statements were involuntary. Miranda, 384 U.S. at 473-74 established that each right must be explained and attendant rights, such as the right to appointed counsel, must also be specifically explained and understood by the defendant. Once the defendant raises the issue regarding the admissibility of a statement, the government bears the burden of proving compliance with the procedural safeguards. Miranda, 384 U.S. at 475. Brewer v. Williams, 430 U. S. 387 (1977). Where it is alleged that a waiver of right occurred, the government must prove the "intentional relinquishment or abandonment of a known right or privilege." Miranda v. Arizona, supra, quoting Johnson v. Zerbst, 304 U. S. 458, 464 (1938).

6. At age 23, Ms. Kabiarets has had limited experience with police and as stated above, has not been previously charged with a criminal offense. She was not initially told of her rights upon the agents entry to her workplace and had no one with her to explain her rights when she was first interrogated. As such, she was not timely and adequately advised of her what the Miranda

warnings meant.

7. The inquiry does not end with the analysis of the timeliness of Miranda warnings, a court must also assess whether any statements alleged were voluntary statements, whether of not it finds that Miranda warnings were read. To make a showing of voluntariness, "it must be shown that in fact the confessor has a free will and intellect whether or not the [police] had any reason to doubt its presence or suspect its absence." Pea v. United States, 397 F.2d 627, 632 (D.C. Cir. 1968).

8. "A defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually, and reliably determined." Jackson v. Denno, 378 U.S. 368, 380 (1964).

9. The defendant also alleges that evidence seized from Ms. Kabiarets independently violated the Fourth Amendment which prohibits unreasonable searches and seizures. It is well-settled "that a search conducted without a warrant issued upon probable cause is *per se* unreasonable subject only to a few specifically established and well-delineated exceptions." Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973) (quoting Katz v. United States, 389 U.S. 347, 357). Where no probable cause and no warrant exist for a subsequent search, suppression of any evidence recovered will be required. United States v. Roberson, 90 F.3d 75 (3d Cir. 1996); Hayes v. Florida, 105 S. Ct. 1643 (1985); United States v. Shaefer, Michael & Clairton 637 F.2d 200 (3rd Cir. 1980).

10. In a warrantless search case, the government bears the burden of establishing probable cause or that the search comes within one of the exceptions to the warrant requirement. Coolidge v. New Hampshire, 403 U.S. 443 (1971); United States v. Jeffers, 342 U.S. 48 (1951). Here there was not sufficient information to justify the seizure of Ms. Kabiarets or her property.

11. If the evidence was seized as a result of an illegal search and/or seizure then the evidence

obtained must be suppressed pursuant to the "fruit of the poisonous tree doctrine" as was expressed in Wong Sun v. United States, 371 U.S. 471 (1963).

    **WHEREFORE**, Ms. Kabiarets respectfully requests that this Court enter an order suppressing all evidence and statements obtained as a result of the unlawful search and seizure of Ms. Kabiarets and her property.

    Respectfully Submitted,

    /S/

    PENNY MARSHALL, ESQUIRE
    Federal Public Defender
    704 King Street, Suite 110
    Wilmington, Delaware  19801
    Attorney for Defendant Kabiarets

DATED:     March 17, 2006

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 05-111-KAJ |
| KATSIARYNA KABIARETS, | : | |
| Defendant. | : | |

**CERTIFICATE OF SERVICE**

Undersigned counsel certifies that a copy of Defendant's Motion to Suppress Statements and Physical Evidence is available for public viewing and downloading and was electronically delivered on March 17, 2006 to:

DOUGLAS MCCANN, ESQUIRE
Assistant U.S. Attorney
1007 Orange Street
Suite 700
Wilmington, DE   19899-2046

/s/
PENNY MARSHALL, ESQUIRE
Federal Public Defender
704 King St., Suite 110
Wilmington, Delaware   19801
Attorney for Defendant Kabiarets